THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRISTON SPEARS,

        Plaintiff,

    v.

ROGER BROWN, *et al.*,

        Defendants.

CASE NO. C17-0787-JCC

ORDER

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 8). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiff Triston Spears ("Spears") brought suit against several employees of the King County Department of Adult Detention ("Defendants") for allegedly assaulting him during a pat-down search while Spears was detained in the King County Work Release Program. (*See* Dkt. No. 1 at 1–2.) Spears brought claims under 42 U.S.C. § 1983 and 42 U.S.C. § 15061 (Prison Rape Elimination Act ("PREA")). The assault allegedly occurred in May 2014, but Spears did not file his complaint until May 19, 2017. (*Id.*)

Three weeks after filing the complaint, Spears' attorney moved to withdraw as counsel. (Dkt. No. 5.) The Court granted the motion to withdraw, and Spears is currently unrepresented.

ORDER
PAGE - 1

(Dkt. No. 7.) On August 30, 2017, Defendants moved to dismiss, claiming they were never served Plaintiff's complaint. (Dkt. No. 8 at 1.) Plaintiff did not file a response to Defendant's motion to dismiss, and Defendants filed a reply. (Dkt. No. 12).

## II.  DISCUSSION

Defendants must generally be served within 90 days of the complaint being filed. Fed. R. Civ. P. 4(m). If a defendant is not served within 90 days, the Court must either dismiss the action without prejudice or order that service be completed within a specified time. *Id.* District courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). When deciding whether to extend the time for service under Rule 4(m), a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id*. (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Plaintiff's complaint was filed on May 19, 2017. (Dkt. No. 1.) Plaintiff needed to serve Defendants with his complaint by August 17, 2017 to meet Rule 4(m)'s 90-day deadline. Having not filed a response, Spears has not provided evidence that he has served or attempted to serve Defendants. Although the Court could grant Defendants' motion under Rule 4(m), it is instead choosing to give Spears an additional 30 days to serve Defendants.

The Court is sympathetic to Spears' current position. First, his attorney withdrew within weeks of filing his complaint. (Dkt. No. 5.) That turn-of-events, when coupled with the fact that Spears has not yet retained new counsel, made it harder for Spears to comply with the Rule 4 service requirements. His current lack of an attorney is also likely the reason why Spears did not file a response brief to Defendants' motion to dismiss. In their reply, Defendants ask the Court to consider Spears' lack of a response as another reason to dismiss his lawsuit. (Dkt. No. 12 at 1–2.) The Court has discretion under Federal Rule of Civil Procedure 56(e) regarding how to treat a party's lack of responsive briefing. Fed. R. Civ. P. 56(e) (Where a party fails to properly address another party's assertion the court may "(4) issue any other appropriate order."). Given the

procedural history of this case, the Court chooses not to treat Spears' failure to file a response as a basis for dismissing his lawsuit. Second, if the Court chooses to dismiss the complaint for this procedural deficiency, Spears will almost certainly lose his ability to bring his claims in the future based on the applicable statute of limitations.[1]

This statute of limitations issue would effectively nullify Rule 4(m)'s option of a dismissal without prejudice to allow a plaintiff to refile. Fed. R. Civ. P. 4(m). Such a result would be quite harsh for a plaintiff who suddenly finds himself without a lawyer and alone to navigate the Federal Rules of Civil Procedure. The Court will exercise its discretion to avoid this result. Finally, the Court perceives no prejudice to Defendants by allowing Spears additional time to perfect service, as they are on notice of the lawsuit and the extension of time is minimal.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED. Pursuant to Rule 4(m), Spears is ORDERED to perfect service on Defendants within 30 days of the issuance of this order. If Spears fails to serve Defendants within 30 days of the issuance of this order, Defendants may renew their motion to dismiss. The Clerk is further DIRECTED to send a copy of this order to Plaintiff.

DATED this 21st day of September, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] In his motion to withdraw, Spears' former attorney pointed out that Spears' claims were filed on the very last day available to him under the statute of limitations. (Dkt. No. 5 at 1.) Defendants state the same in their motion to dismiss. (Dkt. No. 8 at 2.)